IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| YVONNE JUNE BAKER, #906037,<br>      Petitioner<br><br>v.<br><br>WARDEN MALOFF, et al.,<br>      Respondents | *<br><br>*<br><br>    CIVIL ACTION NO.  AW-04-3595<br>*<br><br>* |

******

## **MEMORANDUM**

On November 10, 2004, Petitioner Yvonne June Baker filed the instant 28 U.S.C. § 2254 habeas corpus application attacking her convictions for murder and child abuse entered against her in 1989 by the Circuit Court for Baltimore City. Paper No. 1. On January 19, 2005, Respondents filed an Answer to Petitioner's application for habeas relief solely addressing the timeliness of Petitioner's application. Paper No. 6. Pursuant to this Court's Order of February 2, 2005, Petitioner was granted until March 21, 2005, to file a reply to the Answer stating that her Petition was filed within the proper time frame or explaining why the Petition should not be dismissed as untimely. Paper No. 8. Petitioner has not filed a response.

Petitioner's convictions were entered on April 10, 1989. Paper No. 6, Ex. 1. She did not seek direct appellate review. *Id.* On July 27, 1990, Petitioner submitted a collateral attack on her conviction pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, et seq. As a result of that petition, a portion of her sentence was vacated on December 6, 1990. *Id.* On March 14, 2003, Petitioner's filed a second collateral attack on her conviction under the Maryland Uniform Post-Conviction Procedure Act. *Id.* That petition was denied on February 23, 2004. *Id.* Application for Leave to Appeal from the denial of post conviction relief was denied in an unreported decision on September 14, 2004. *Id.,* Ex. 3. The court's mandate issued on October 14, 2004. *Id.*

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 into law. Among the changes made by this law was the addition of a one year statute of limitations in non-capital cases for person convicted in a state court. 28 U.S.C. § 2244(d).[1] Although the statute is silent as to how it should be applied to persons such as Petitioner whose convictions were finalized before April 24, 1996, it is now clearly established that such persons had one year from the effective date, i.e., until April 23, 1997, to file a petition for writ of habeas corpus in federal court. *Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). This one year period is, however, tolled while properly filed post conviction proceedings are pending and may otherwise be equitably tolled. 28 U.S.C.

---

[1]This section provides:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

§2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Petitioner's convictions entered by the Circuit Court for Baltimore City became final on May 10, 1989. *See* 28 U.S.C. § 2244(d)(1)(A); Md. Rule 8-202. Between April 24, 1996, and March 14, 2003, Petitioner had no post-conviction or other proceedings pending which would have served to toll the one year limitation period. *See* 28 U.S.C. § 2244(d)(2). Petitioner has offered no arguments in favor of equitable tolling of the limitations period. Accordingly, a separate Order will be entered denying the Petition as time barred under 28 U.S.C. § 2244(d).

<u>April 28, 2005</u>                                         _____"s"_____         Date
                                                                         Alexander Williams, Jr.
                                                                              United States District Judge